UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD SEIFERT,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC<br>D/B/A MR. COOPER; LAKEVIEW<br>LOAN SERVICING, LLC, ALDRIDGE<br>PITE, LLP; SYDNEY K LEAVITT;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.<br>(MERS); and DOE DEFENDANTS 1-10,<br><br>        Defendants. | Case No. 4:25-cv-00645-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## I. INTRODUCTION

Before the Court are Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and Lakeview Loan Servicing, LLC's (together "Nationstar Defendants") Motion to Dismiss (Dkt. 11) and Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (Dkt. 12). MERS has also filed a Motion to Take Judicial Notice. Dkt. 13. Plaintiff Richard Seifert has not responded to any of the motions.

Upon review, and for the reasons set forth below, the Court GRANTS all three motions and dismisses Seifert's Complaint.[1] The Court will, however, grant Seifert an opportunity to amend his complaint should he so choose.

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. BACKGROUND

Seifert's Complaint is 206 pages long and asserts fifty-five separate causes of action against five named Defendants. Dkt. 1-2. The claims span the gambit: federal statutory claims under the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Racketeer Influenced and Corrupt Organizations Act; state statutory and common law claims for breach of contract, fraud, and consumer protection violations; equitable claims for quiet title and accounting; and claims that have no conceivable application to mortgage servicing, including breach of the covenant of habitability (a landlord-tenant doctrine), accounting malpractice (against non-accountants), and civil rights violations under 42 U.S.C. § 1983 (against private parties).

At its base, however, the case appears to be about a mortgage servicing dispute. Seifert alleges he obtained a Federal Housing Administration insured mortgage loan secured by real property located at 113 5th Street, Idaho Falls, Idaho 83401. Seifert further alleges he was approved for a loan modification in July 2025 and claims a foreclosure sale was improperly scheduled for October 2025 while his modification was pending.

Seifert contends Defendants failed to properly credit his payments, mishandled his loss mitigation application, and violated various federal and state laws in connection with the servicing and attempted foreclosure of his loan.

Seifert names Nationstar as loan servicer, Lakeview as the investor/loan owner, Aldridge Pite, LLP as foreclosure counsel, Sydney K. Leavitt as the successor trustee, and MERS as the nominee beneficiary for the lender, AdvantageFirst Lending Inc.

The Nationstar Defendants removed this action on November 10, 2025, from the

District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville. Dkt. 1.

Thereafter, the Nationstar Defendants and MERS filed Motions to Dismiss on December 17, 2025. Dkts. 11, 12. MERS also filed a Motion to Take Judicial Notice asking the Court to take notice of certain underlying mortgage documents to the extent it finds doing so necessary in adjudicating the pending Motions. Dkt. 13.

The next day, the Court sent Seifert its standard Notice to Pro Se Litigants informing him of Defendants' Motions and what was required in response. Dkt. 14.

To date, however, Seifert has not responded to any of the motions.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121. A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief

that is plausible on its face." *Id.* at 570. In considering a Rule 12(b)(6) motion, the Court must view the complaint in the light most favorable to the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson*, 534 F.3d at 1122.

Where a plaintiff is proceeding pro se, the complaint must be liberally construed, and he must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ballinger v. City of Oakland*, 398 F. Supp. 3d 560, 567 (N.D. Cal. 2019) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)). The decision is within the discretion of the trial court.

## IV. ANALYSIS

In this case, the Court begins by noting that procedural grounds exist for granting Defendants' Motions to Dismiss outright. As explained, upon the filing of Defendants' Motions, the Clerk of the Court sent Seifert the District of Idaho's standard Notice to Pro Se Litigants (the "Notice") outlining what was required of him.[2] The Notice contained an explanation of Rule 12 motions to dismiss and how and when Seifert needed to respond. The Notice also included the following warning:

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may**

---

[2] In *Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir. 1988), the Ninth Circuit held that prisoners (and other unrepresented parties) must receive fair notice of the requirements of Rule 12 and Rule 56 Motions. In the District of Idaho—as in courts across the nation—this notice is a standard form sent to all pro se litigants explaining what he or she must do when a motion under Rule 12 or Rule 56 has been filed.

**grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dkt. 14, at 2 (emphasis in original).

Furthermore, Idaho District Local Rule 7.1 outlines that:

Failure by the moving party to file any documents required to be filed under this rule in a timely manner may be deemed a waiver by the moving party of the pleading or motion. Except as provided in subpart (2) below, if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application.

Idaho Dist. Loc. R. 7.1(f)(1).

The Court sent Seifert the Notice on December 18, 2025. Dkt. 14. The Notice indicated Seifert's responses to Defendants' motions were due in 21 days—or by January 7, 2026. January 7, 2026, came and went without any filings from Seifert. The Court has waited an additional 30 days to provide Seifert every reasonable opportunity to respond. Still nothing.

Accordingly, pursuant to this Court's Notice, as well as Local Rule 7.1, Seifert's failure to timely respond to Defendants' Motions to Dismiss is deemed acquiescence to the granting of said motions. This conclusion is sufficient to find in Defendants' favor; however, the Court will briefly address the merits of each motion as a second, independent reason for dismissal and to highlight what Seifert must do should he decide to pursue this case.

**A. Nationstar Defendants' Motion to Dismiss (Dkt. 11)**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the

claim showing that the pleader is entitled to relief." This rule serves critical functions: it provides defendants with fair notice of claims against them, enables courts to manage cases efficiently, and ensures defendants can prepare appropriate responsive pleadings. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (holding Rule 8's fair notice requirements are violated when complaints fail to "state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights."); *see also Morgan v. Mason*, 1999 WL 718599, at *1 (D. Idaho July 21, 1999) ("Statements in pleadings need to be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.") (citation modified).

Shotgun pleadings are pleadings that seek to overwhelm defendants with an unclear mass of allegations and make it impossible for the defendants to make informed responses to the plaintiff's allegations. *Destfino*, 630 F.3d 952, 958. A complaint is considered a shotgun pleading when it "does not give the Defendants fair notice of which claim is against whom." *Tuinstra v. Bonner Cnty.*, 2021 WL 2534983, at *3 (D. Idaho June 21, 2021) (*citing Harris v. Cnty. of San Diego.*, 2019 WL 6683367, at *6 (S.D. Cal. Dec. 5, 2019)).

In their Motion to Dismiss, the Nationstar Defendants allege they cannot tell what claims are directed towards which Defendants because Seifert's Complaint is over 200 pages long and contains various legal theories, causes of action, and irrelevant digressions. The Court agrees.

For example, Seifert incorporates all preceding paragraphs as part of each of his

fifty-five causes of action. But by the fifty-fifth cause of action, there are over 560 preceding paragraphs, most of which address different legal theories, Defendants, and factual predicates. It is virtually impossible to ascertain which facts give rise to which claims as applied to which Defendnats.

Even then, most claims are factually deficient. For example, the Fiftieth Cause of Action asserts civil rights violations under 42 U.S.C. § 1983 against all Defendants. *See* Dkt. 1-2 at ¶¶ 519-527. For a claim under § 1983 to be viable, a Plaintiff must demonstrate a defendant acted "under color of state law," which involves exercising power granted by state law and only possible because the wrongdoer is endowed with state authority. *See West v. Atkins*, 487 U.S. 42, 49 (1988). Private parties generally do not act under the color of state law. *See Price v. State of Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991). A plaintiff must provide specific facts showing that the defendant's actions were attributable to the state. *Id*. Here, all five Defendants are private entities or individuals, and the Complaint does not allege any facts plausibly suggesting state action. Moreover, "[c]ourts have repeatedly rejected Section 1983 claims against lenders and loan servicers premised for mortgage loan and foreclosure actions, finding that they are not government actors or standing as government actors in their efforts." *Deville v. Specialized Loan Servicing*, LLC, 2020 WL 13267725, at *5 (C.D. Cal. Sept. 9, 2020).

Finally, the problems are not just substantive. Seifert's Complaint appears to contain fabricated or hallucinated case citations. For example, Seifert cites "*McGinnis v. GMAC Mortg. Corp*., 2013 WL 1282124 (D. Colo.)." Dkt. 1-2, at 6. However, 2013 WL 1282124 is not a case called *McGinnis v. GMAC Mortgage Corp*., nor is it from the District of

Colorado—it is an appellate brief from Washington. *See STATE OF WASHINGTON, Respondent, v. Daniel LUSE, Jr., Appellant.*, 2013 WL 1282124. Meanwhile, a search for "McGinnis v. GMAC Mortgage Corp." returns a 2010 case from Utah. *See McGinnis v. GMAC Mortg. Corp.*, 2010 WL 3418204 (D. Utah Aug. 27, 2010).

In sum, Seifert's Complaint fails to meet the requirements of Rule 8(a) in its entirety. Without specific causes of action against specific defendants based on specific facts, the Complaint does not provide Defendants with adequate notice of Seifert's theory of the case and what it must defend. Furthermore, what claims can be drawn out from the Complaint suffer from legal and factual deficiencies. Consequently, the Complaint is subject to dismissal under Rule 12(b)(6).

### B. MERS's Motion to Dismiss (Dkt. 12)

MERS asserts it should be dismissed from this suit as it did not have any involvement or interest in Seifert's loan at the time of the alleged misconduct, having assigned the Deed of Trust to Lakeview Loan Servicing, LLC, prior to the facts that appear to have given rise to Seifert's Complaint. In support of its argument, MERS asks the Court to take judicial notice of the loan documents. Dkt. 13.

Judicial notice of these specific documents is proper for two reasons. First, the Court "may [] examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment." *Gilbert v. Bank of Am. Corp.*, 2012 WL 4470897, at *2 (D. Idaho Sept. 26, 2012) (taking judicial notice of a promissory note) (*citing Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005)). Second, the Court may take judicial notice of publicly recorded documents associated with

real property in connection with foreclosure proceedings. *See Koenig v. Bank of Am., N.A.*, 714 F. App'x 715, 716 (9th Cir. 2018) (citing Fed. R. Evid. 201(b)(2)). The instant documents were referenced by Seifert in his complaint and are publicly recorded. Therefore, the Court can consider them at this stage of the case.

Having done so, it is clear MERS is an improper Defendant.

To the extent any claims against MERS can be discerned from the Complaint, each fail because MERS was not involved with Seifert's loan at the time of the alleged misconduct. MERS assigned the Deed of Trust to Lakeview on April 3, 2025. Dkt. 13-1, at 20–21. MERS had no interest in the Deed of Trust and no role in Seifert's loan when he was approved for a modification on July 15, 2025, when the foreclosure sale was scheduled for October 2, 2025, or when any other alleged misconduct occurred.

Second, even if it could be said MERS had some connection to the events in question, the Court's analysis as to Nationstar's Motion would apply equally to MERS as well. Seifert's complaint does not set forth any specific facts or plausible causes of action against MERS with the requisite degree of specificity. What vague, confusing, and conclusory allegations exist cannot withstand scrutiny under Rule 8.

For these reasons, MERS Request to Take Judicial Notice is GRANTED and its Motion to Dismiss is likewise GRANTED.

## V. CONCLUSION

The Court is required to freely grant leave to amend, especially to a pro se plaintiff, when it appears that the deficiencies in the pleading may be cured by amendment.

Candidly, the Court is not certain any amendment can cure the deficiencies here.

MEMORANDUM DECISION AND ORDER - 9

Critically, Seifert must file a substantially *shorter* and *clearer* complaint so the Court and the remaining Defendants can properly analyze the claims.

Thus, the Court will allow Seifert an opportunity to amend his complaint. Seifert shall file a *short and plain* complaint, indicating specific acts that gave rise to specific causes of action against specific defendants. He will also verify that all legal citations are accurate and exist in a recognized legal database.

## VI. ORDER

Therefore, the Court HEREBY ORDERS:

1. Nationstar Defendants' Motion to Dismiss (Dkt. 11) is GRANTED.

2. MERS's Motion to Dismiss (Dkt. 12) is GRANTED.

3. MERS's Request to Take Judicial Notice (Dkt. 13) is GRANTED.

4. Seifert's Complaint (Dkt. 1-2) is DISMISSED WITHOUT PREJUDICE.

5. Should Seifert choose to file an Amended Complaint, he must do so within 30 days of the date of this order. Failure to comply will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: February 12, 2026

David C. Nye
U.S. District Court Judge